UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CATHOLIC LIFE INSURANCE UNION** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 2:20-cv-00143 |
| | § | |
| **BRIDGETTE BALDWIN, an individual,** | § | |
| **and MOD FUNDING, INC., d/b/a WE** | § | |
| **FUND FUNERALS, a corporation,** | § | |
| | § | |
| **Defendants.** | § | |

**CATHOLIC LIFE INSURANCE UNION'S COMPLAINT IN INTERPLEADER AND/OR FOR DECLARATORY JUDGMENT**

Catholic Life Insurance Union ("Catholic Life") files its files this Complaint in Interpleader and/or for Declaratory Relief and would respectfully show as follows:

**I.   PARTIES**

1.   Plaintiff/Stakeholder Catholic Life is a Texas corporation with its principal place of business in Texas.

2.   Defendant/Claimant Bridgette Baldwin ("B. Baldwin") is a citizen of Texas. She may be served at 1518 Howard, Elmer, Louisiana 71424.

3.   Upon information and belief, Defendant MOD Finding, Inc. d/b/a We Fund Funerals ("We Fund Funerals") is a company organized and existing under the laws of Florida with its principal place of business located in Hollywood, Florida. We Fund Funerals has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas with a Texas resident. See TEX. CIV. PRAC. & REM. CODE §17.042(1). We Fund Funerals may be served by serving the Texas Secretary of State, 1019

Brazos Street, Austin, Texas 78701, as agent for service because We Fund Funerals engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in Texas. *See* TEX. CIV. PRAC. & REM. CODE §§17.044(b), 17.045. The Texas Secretary of State may serve We Fund Funerals through its registered agent for service of process in Florida, David Berger, 2750 N 29th Avenue, Suite 200, Hollywood, FL 33020.

## II.     JURISDICTION

4.     Catholic Life brings this Complaint in Interpleader pursuant to 28 U.S.C. § 1335. Jurisdiction is proper because it involves a dispute between adverse claimants to a $25,000 annuity which is in excess of the $500 jurisdictional minimum required by 28 U.S.C. § 1335.

5.     The adverse claimants are minimally diverse: they are citizens of the State of Texas and the State of Florida.

6.     Catholic Life also brings a related declaratory judgment action pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.

## III.     VENUE

7.     Venue is proper in this district under 28 U.S.C. § 1391, as a substantial part of the events herein occurred Corpus Christi, Texas and this is where the property is located.

8.     Venue alternatively is proper in this district as one of the Claimants resides here.

## IV.     FACTS

**A.     Annuity Contract #CTX184313**

9.     On or about June 31, 2006, in exchange for $500.00, Catholic Life issued annuity contract #CTX184313 to Donnie Baldwin ("D. Baldwin").

10.     Annuity #CTX184313 had a face value of $25,000.00.

11. B. Baldwin was listed as the primary beneficiary of Annuity #CTX184313, with no contingent beneficiaries listed.

12. Annuity #CTX184313 did not have any beneficiary changes requested by D. Baldwin after its issuance.

**B.    The Dispute**

13. On December 13, 2019, D. Baldwin passed away.

14. On December 17, 2019, Catholic Life was advised of D. Baldwin's death by B. Baldwin.

15. On December 19, 2019, Catholic Life received a facsimile from We Fund Funerals attaching an Irrevocable Assignment and Power of Attorney ("Assignment"), allegedly signed by B. Baldwin and a representative of Eternal Rest Funeral Home and notarized the same day. The Assignment purported to assign $24,780.00 of Annuity #CTX184313 to We Fund Funerals for services provided/to be provided for the funeral of D. Baldwin.

16. The same day, a representative of Catholic Life spoke to a representative of We Fund Funerals regarding the assignment, and advised that an original death certificate had not yet been received by Catholic Life.

17. On December 23, 2019, a representative of Catholic Life spoke with B. Baldwin, and advised her of the Assignment it had received. B. Baldwin claimed the Assignment was invalid, and requested Catholic Life not release the funds to We Fund Funerals.

18. Over the course of the next several months, Catholic Life attempted to clarify certain issues with the competing claims, including whether B. Baldwin was still being represented by an attorney and/or was still contesting the Assignment.

19. Since receiving notice of the dispute between B. Baldwin and We Fund Funerals, Catholic Life has not paid out any of the 24,780.00[1] in death benefits accrued under Annuity #CTX184313 and Catholic Life continues to hold the retained proceeds under the Annuity that is payable to the beneficiary legally entitled to same.

20. Catholic Life is merely an innocent stakeholder in this action, having and claiming no interest in the death benefits. Catholic Life acknowledges its obligation to pay the death benefits and it is ready and willing to fulfill such obligation, but Catholic Life is in genuine doubt as to the proper recipient of those funds attributable to the matters in dispute in the Contest.

21. Given the conflicting claims, Catholic Life is unable to disburse the death benefits without potentially exposing itself to duplicative claims or liabilities. Catholic Life desires and is entitled to avoid duplicative liability therefor.

22. Catholic Life thus now pleads for interpleader and for judicial resolution of this dispute over the Annuity #CTX184313 proceeds.

V.   CAUSES OF ACTION

A.   **Interpleader – Federal Rule of Civil Procedure 22**

23. Pursuant to Federal Rule of Civil Procedure 22, Catholic Life requests that the Court determine who among the Defendants/Claimants is the proper recipient of the purportedly assigned benefits of Annuity #CTX184313.

24. Rule 22 interpleader does not require the deposit of a stake with the Court clerk. *Murphy v. Travelers Ins.*, 534 F.2d 1155, 1159 (5th Cir. 1976).

B.   **Interpleader – 28 U.S.C. §§ 1335 & 2361**

---

[1] As of the approximate date of this filing.

25. In the alternative, pursuant to 28 U.S.C. § 1335 and § 2361, Catholic Life requests the Court determine who among the Defendants/Claimants is the proper recipient of the purportedly assigned benefits of Annuity #CTX184313.

26. Catholic Life seeks leave from the Court to deposit amounts reflecting the retained death benefits owed under the Annuity into the Court's registry, and upon tendering said amounts, Catholic Life requests a discharge from liability as to the amounts deposited into the Court's registry and a dismissal with prejudice.

**C.     Declaratory judgment**

27. Pursuant to Federal Rule of Civil Procedure 57, Catholic Life seeks a judicial declaration of who among the Defendants/Claimants are entitled to the purportedly assigned benefits of Annuity #CTX184313.

**PRAYER**

Wherefore, Plaintiff Catholic Life prays for judgment against Defendants in Interpleader, and each of them, as follows:

(a)     That the Defendants, and each of them, be required to litigate among themselves in this forum their claims to the funds described;

(b)     That the Court enter an order restraining Defendants, and each of them, from instituting or further prosecuting any other proceeding affecting the rights and obligations between and among the parties to the interpleader and their agents until further order of the Court;

(c)     That the Court determine and enter an order setting forth the proper recipients of the funds; and

(d) That Catholic Life be discharged from this action with prejudice following either deposit of the proceeds into the registry of the Court or payment of a bond as the Court directs, and that the Court order that Catholic Life may collect from the proceeds its reasonable attorneys' fees for filing this action.

Alternatively, Plaintiff Catholic Life prays for a declaratory judgment from the Court, identifying who should have possession the purportedly assigned benefits of Annuity #CTX184313

Plaintiff Catholic Life prays for such and further relief at law or equity that it may show itself to be justly entitled.

Respectfully submitted,

By: */s/ Benjamin G. Kemble*
Benjamin G. Kemble
State Bar No. 24050864
Email: benjamin.kemble@akerman.com
Laurence S. Kurth
State Bar No. 11768450
Email: laurence.kurth@akerman.com
Akerman, LLP
112 E. Pecan Street, Suite 2750
San Antonio, Texas 78205
(210) 582-0220 (Phone)
(210) 582-0231 (Fax)

**ATTORNEYS FOR
CATHOLIC LIFE INSURANCE UNION**