UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CATHOLIC LIFE INSURANCE UNION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-143 |
| | § | |
| BRIDGETTE BALDWIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case arises out of dispute between Bridgette Baldwin and MOD Finding, Inc. d/b/a We Fund Funerals regarding who should receive $24,780.00 of the proceeds from Donnie Baldwin's $25,000.00 life insurance contract issued by Catholic Life Insurance Union.  Catholic Life filed the Complaint as an Interpleader or, alternatively, for Declaratory Relief requesting the Court determine the proper beneficiary and later deposited the proceeds of the entire life insurance policy in the amount of $25,347.31 into the Court's registry.  (D.E. 1; D.E. 7; D.E. 25 and D.E. 9/29/20).  The parties consented to proceed before the undersigned and the case was reassigned.  (D.E.19; D.E. 20; D.E. 21 and D.E. 22).  Pending is Catholic Life's Unopposed[1] Motion to Finalize Interpleader and Dismiss, requesting it be discharged from any liability regarding the life insurance

---

[1] The Motion was not filed as unopposed.  However, Defendants Bridgette Baldwin and We Fund Funerals both indicated in a separate filing that, "The Plaintiff is currently seeking dismissal from the case and the Defendants do not object to Plaintiff's dismissal."  (D.E. 28, Page 1).  Additionally, Defendants did not file responses to the pending Motion and therefore, pursuant to Local Rule 7.4, the failure to file a response is taken as a representation of no opposition.

policy at issue, awarded attorneys' fees in the amount of $2,500.00 and be dismissed with prejudice. (D.E. 27). Upon consideration, the Motion is **GRANTED** as set forth below.

I.   DISCHARGE FROM LIABILITY AND DISMISSAL WITH PREJUDICE

There is no dispute by the parties that an interpleader action is appropriate in this case as both Defendants are making competing claims to a single fund held by Catholic Life. *State Farm Life Ins. Co. v. Bryant*, No. 3:18-cv-1628-L, 2019 WL 7938266, at *9 (N.D. Tex. May 16, 2019) ("An interpleader action may be brought by a plaintiff stakeholder when two or more persons have claims to the property or fund that may expose the plaintiff stakeholder 'to double or multiple liability'") (citation omitted). By filing the interpleader complaint and tendering the entire amount of the life insurance policy into the Court registry, Catholic Life has removed itself "from any dispute by conceding coverage up to the policy limits and remaining neutral as to the proper distribution of the funds." *Tittle v. Enron Corp.*, 463 F.3d 410, 423 (5th Cir. 2006) ("The [interpleader statute] provides that the 'court shall hear and determine the cause and shall discharge the complainant from further liability.'") (citations omitted). "When the district court determines that interpleader is appropriate, it may enter an order discharging a disinterested stakeholder, who has no claim itself to the disputed funds and has tendered the disputed fund into the court registry, from liability from further claims to the disputed fund and claims regarding entitlement to the disputed fund and the stakeholder's failure to resolve the dispute in the claimant's favor." *State Farm*, 2019 WL 7938266, at *9 (citation omitted). Catholic Life has satisfied its obligations and therefore, it is discharged from any liability for claims pertaining to any claimant's entitlement to

recover the disputed funds related to life insurance contract #CTX184313 and to its handling of any associated insurance claims. Further, Catholic Life is **DISMISSED** from this action with prejudice.

## II.   ATTORNEY'S FEES AND COSTS

"It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions." *State Farm*, 2019 WL 7938266, at *10 (citations omitted). Modest attorney's fees and costs are generally awarded to the disinterested stakeholder from the interpleader fund when interpleader is found to be proper. *Id*. at *10,*12. Here, Catholic Life is a disinterested stakeholder regarding the disputed funds, having asserted no claim to the funds and tendering the full amount into the Court's registry. Catholic Life, acting in good faith and with diligence in this relatively simple case, had to prepare a complaint and an amended complaint, serve the claimants, prepare a motion to deposit and then deposit the funds into the Court registry, appear at a hearing before the undersigned and prepare the pending Motion. *Id*. (citing *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (Listing factors relevant when deciding whether to award attorney's fees and costs to an interpleader plaintiff)). Therefore, Catholic Life's request for $2,500.00 in attorney's fees appears reasonable. While no documentation was submitted in support of the request for attorney's fees, the time required to complete the above actions allows this Court to evaluate and determine that $2,500.00 in attorney's fees was reasonable and necessary. The Clerk of Court is **DIRECTED** that $2,500.00 may be released upon request to counsel for Catholic Life from the Court's registry in this case. The Clerk of Court is

further **DIRECTED** to realign the pleadings in this case, listing We Fund Funerals as Plaintiff, leaving Bridgette Baldwin as the remaining Defendant.

ORDERED this 16th day of December, 2020.

_____
Jason B. Libby
United States Magistrate Judge